IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA MCCANN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 05-0364-WS-B |
| | ) |
| MOBILE COUNTY PERSONNEL BOARD, | ) |
|  et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). (Doc. 48). The parties have filed briefs in support of their respective positions, (Docs. 52, 56), and the motion is ripe for resolution. After carefully considering the foregoing materials, the Court concludes that the motion is due to be denied.

**BACKGROUND**

The plaintiff brought suit under Title VII and Section 1981, challenging a number of employment decisions, as well as her work environment, as unlawfully based on race and/or retaliation. The Court granted the defendants summary judgment as to all such decisions except the failure to promote the plaintiff to corrections corporal on either of two occasions in early 2004. (Doc. 44). As to those decisions, the Court granted summary judgment with respect to race but denied summary judgment with respect to retaliation. (*Id.* at 18-22). The Court denied the motion for summary judgment seeking qualified immunity as to the retaliation claim, (*id.* at 23-25), and the affected defendants have filed a notice of appeal as to that denial. (Doc. 45).

"When more than one claim is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). The plaintiff seeks entry of final judgment as to all aspects of the summary judgment order decided adversely to her, so that she may raise "all issues

which could be appealed at this time." (Doc. 48 at 1).

## DISCUSSION

**I. Finality.**

In ruling on a 54(b) motion, "[a] district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (internal quotes omitted). Finality requires that "the judgment disposes entirely of a separable claim or dismisses a party entirely." *In re: Southeast Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995). Such finality is "jurisdictional," a "prerequisite for an appeal under the rule." *Id.* at 1546, 1548.

"[C]laims are separable when there is more than one possible recovery and the recoveries are not mutually exclusive." *In re: Southeast Banking Corp.*, 69 F.3d at 1549; *accord id.* at 1547. That test is largely satisfied here. The employment decisions as to which summary judgment was granted — a suspension in July 2004, the non-assignment of overtime in the fall of 2004, an unsatisfactory service rating in August 2004, a failure to promote to corrections corporal in July 2005, assignment to the evening shift in 2003, and denial of transfer in October 2003 — all occurred after or long before the early 2004 promotion decisions that remain in the case, and they are factually divorced from the latter decisions. The remaining 2004 promotion claim offers the plaintiff one possible recovery, and the dismissed claims offer additional, non-mutually exclusive recoveries for separate wrongs allegedly practiced against the plaintiff.[1]

The same is true of the plaintiff's dismissed hostile work environment claim. As noted in the Court's order on motion for summary judgment, (Doc. 44 at 30-31), the plaintiff attempted to stretch this claim beyond its normal confines of intimidation, ridicule and insult to encompass the disparate treatment of blacks with respect to discipline and retaliation for opposing

---

[1]The only exception is the plaintiff's claim of failure to promote in July 2005. Recovery on the 2004 failure-to-promote claim would preclude recovery on the 2005 claim of failure to promote to the same position.

discrimination, but the evidence upon which the plaintiff relied did not include the 2004 promotion decisions. (Doc. 38 at 29-31). Nor would recovery under the promotion claim preclude an additional recovery under the hostile work environment claim, or vice versa.

The plaintiff challenged the 2004 promotion decisions based on both race and retaliation. The dismissed race aspect of that challenge does not constitute a claim separable from the retaliation aspect, because the plaintiff could not recover for race discrimination in those decisions and recover a second time for retaliation in the same decisions. This portion of the Court's order on motion for summary judgment does not possess the requisite separability to support finality, and it is thus not subject to certification under Rule 54(b).

## II. Just Reason for Delay.

"[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in settings such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright v. General Electric*, 446 U.S. at 8. "Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Id*. (internal quotes omitted). "The latter factor serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." *Ebrahimi v. City of Huntsville*, 114 F.3d 162, 166 (11th Cir. 1997).

The plaintiff's primary argument is that, as long as the individual defendants are appealing the denial of qualified immunity, "[i]t would seem to be an economical use of judicial resources" to allow her to appeal as well. (Doc. 56 at 3). While superficially alluring, this argument does not alleviate the concerns the Eleventh Circuit has expressed concerning judicial administrative interests in the context of Rule 54(b).

The plaintiff's argument recognizes that the "historic federal policy against piecemeal appeals" has already been compromised by the individual defendants' appeal, and it implies that a cross-appeal would do no further damage to that policy or the principles that undergird it. But the Eleventh Circuit has opined that "[t]he federal concept of sound judicial administration and efficiency will not normally be furthered by hav[ing] piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case ...." *Ebrahimi v. City of*

*Huntsville*, 114 F.3d at 167 (internal quotes omitted).  The individual defendants' appeal does not require a panel to become familiar with the entirety of the plaintiff's sprawling case, because it is limited to the narrow issue of qualified immunity with respect to a single employment decision concerning two promotions in early 2004.  Thus, allowing the plaintiff to appeal would tremendously increase the task of the appellate panel beyond that required by the qualified immunity issue, doing precisely the damage to sound judicial administration that the *Ebrahimi* Court opposed.

The plaintiff also notes that an appeal at this juncture "would clearly eliminate the need for a second trial if [she] is right" as to the issues she would present on appeal.  (Doc. 56 at 4).  Absent special circumstances, however, the fact that "early review by the appellate court would eliminate the necessity for a second trial in the event we reversed its rulings on the dismissed claims ... constitutes an improper basis for issuance of a partial final judgment."  *Ebrahimi v. City of Huntsville*, 114 F.3d at 168.[2]

With respect to the existence of "some danger of hardship or injustice associated with delay," the plaintiff is silent.  Any such hardship must be "unusual," extending beyond the inevitable inconvenience of awaiting resolution of one's case.  *Ebrahimi v. City of Huntsville*, 114 F.3d at 168.  While the plaintiff understandably opposes any delay in appealing the summary judgment order and any consequent delay in the final resolution of this matter, (Doc. 56 at 4), these concerns as a matter of law do not support certification under Rule 54(b).  The plaintiff's omission is fatal, because "Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are *outbalanced by the pressing needs of the litigants* for an early and separate judgment as to some claims or parties."  *Ebrahimi v. City of Huntsville*, 114 F.3d at 166 (emphasis added).  Since the plaintiff has placed nothing in this side of the scale, it cannot outbalance the concerns of sound judicial administration.

The plaintiff concedes that "the simple fact that part of the case is immediately

---

[2]This also disposes of the plaintiff's related argument that Mobile County, as the plaintiff's employer and the entity responsible for satisfying any Title VII judgment against Sheriff Tillman, "should prefer" a present appeal in order to avoid the risk of additional attorney's fees from a second trial.  (Doc. 56 at 2).

appealable is not a sufficient reason to enter a Rule 54(b) judgment as to another part." *O'bert v. Vargo*, 331 F.3d 29, 43 (2nd Cir. 2003). (Doc. 56 at 4). She has, however, supplied no other reason for the Court to conclude that this is the "rare" occasion in which certification is appropriate. *State Treasurer v. Barry*, 168 F.3d 8, 20 (11th Cir. 1999).[3]

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for entry of final judgment is **denied**.

DONE and ORDERED this 14th day of August, 2006.

　　　　　　　　　　　　　　　　　　　　s/ WILLIAM H. STEELE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3]The Court does not rule that certification of a partial grant of summary judgment can never be appropriate when individual defendants appeal the denial of qualified immunity. Indeed, the Eleventh Circuit has accepted such an appeal without murmur, *see Tucker v. Talladega City Schools*, 171 Fed. Appx. 289, 291 (11th Cir. 2006), despite its obligation to review such certifications sua sponte. *See Ebrahimi v. City of Huntsville*, 114 F.3d at 165. The Court rules only that the plaintiff in this case has not satisfied the exacting standard for such a certification.